[Civ. No. 1999.    Second Appellate District.—September 13, 1916.]

H. C. COLTON, Respondent, v. EVAN E. ANDERSON et al., Defendants; J. H. RYCKMAN, Appellant.

PROMISSORY NOTE—MATURITY OF PAYMENT OF FIRST INSTALLMENT OF INTEREST—CONSTRUCTION OF INSTRUMENT—ACTION NOT PREMATURELY BROUGHT.—Under the terms of a promissory note dated February 13, 1912, "with interest from November 1, 1911, until paid, at the rate of seven per cent per annum, payable semiannually," the first installment of interest is due May 1, 1912, and where default is made in the payment of such interest, and the note provides that the whole sum of principal and interest shall become due at the option of the holder in such an event, an action commenced on the twenty-fourth day of June, 1912, to foreclose the mortgage given to secure the payment of such note, is not prematurely brought.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Paul J. McCormick, Judge.

The facts are stated in the opinion of the court.

Harriman, Ryckman & Tuttle, for Appellant.

H. S. Rollins, for Respondent.

CONREY, P. J.—This is an action for the foreclosure of a mortgage. The mortgage was given to secure the payment of two notes which were dated February 13, 1912. The first note was for seventeen thousand dollars payable on or before three years after date: "with interest from November 1, 1911, until paid, at the rate of seven per cent per annum, payable semi-annually; should the interest not be so paid, it shall become a part of the principal and thereafter bear like interest as the principal. Should default be made in the payment of any installment of interest when due, then the whole sum of principal and interest shall become immediately due and payable at the option of the holder of this note." The other note was for five hundred dollars, due in six months from date, with interest from November 1, 1911, payable at maturity. No interest having been paid, the plaintiff on June 24, 1912, declared the whole sum of principal and interest of the first note to be then due and payable, and filed this action for foreclosure of the mortgage. By supplemental complaint filed August 21, 1912, the action was made to include the second note. Judgment by default was entered against the defendants Anderson, makers of the notes and mortgage, and the only defense presented is that of defendant Ryckman, who purchased a part of the property subject to the lien of this mortgage. Defendant Ryckman presents this appeal from the judgment and from the order denying his motion for a new trial.

As stated in the brief of appellant, the only point involved in this case relates to his contention that the suit was prematurely brought. As to this we are of the opinion that the plaintiff was entitled to maintain his action by reason of non-payment of the interest on the larger note on May 1, 1912. The statement in the note that interest was to be paid from November 1, 1911, at the specified rate, "payable semi-annu-

ally," clearly made the first installment of interest due May 1, 1912. In view of defendant's claim that the note was uncertain in this respect, the plaintiff introduced evidence which shows beyond any doubt that the intention of the parties was in accord with this interpretation of their note. But we base our decision upon the note itself without reference to such extraneous evidence.

Appellant set up in his answer the further defense that before purchasing the lots which were acquired by him early in May, 1912, he caused inquiry to be made of the plaintiff as to the time when the interest on the seventeen thousand dollar note would fall due, and was assured by the plaintiff that it would not be due until August 13th. In support of this defense we have the testimony of two witnesses. But they are contradicted as to the material parts thereof by the testimony of the plaintiff. Upon this evidence the court found that appellant in buying the lots did not rely upon any statements of the plaintiff regarding said mortgage. At all events, under our construction of the note itself, the defense was not available to appellant.

The judgment and order are affirmed.

James, J., and Shaw, J., concurred.